# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**v.**                                              **CRIMINAL NO. 4:11CR116-MPM-JMV**

**DAVID LEAHMONT LEAHMAN**

## <u>ORDER</u>

Before the court is the defendant's Motion to Compel Disclosure of Confidential Informant (# 21).  The court has considered the motion, the Government's response, and the applicable law and is of the opinion that the motion should be denied.

By his one paragraph motion, the defendant seeks the "name, address, occupation and previous criminal record of the informant listed in the affidavit for the search warrant."  The defendant bases his motion on the due process clause of the Fourteenth Amendment.  The government essentially responds that disclosure of the informant is not warranted because the informant merely supplied information which served as probable cause for a search warrant and that even if the informant were more involved, the defendant has failed to articulate how disclosure of the informant's identity would help his defense.  The court agrees with the Government on both points.

If the Government's privilege to refrain from disclosing the identity of an informant interferes with a defendant's due process right to prepare his defense or if disclosure of the informant or his communication is essential to a fair determination of the defendant's guilt or innocence, the privilege must give way.  *See United States v. Roviaro*, 353 U.S. 53, 62 (1957).  The key to this consideration turns upon whether the disclosure of the informant's identity or his communication is relevant and helpful to the defendant.  *See id.* at 61- 62; *United States v.*

*Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *United States v. Fischel*, 686 F.2d at 1082, 1093 (5th Cir. 1982).

The Fifth Circuit has developed a three-part test to determine whether disclosure of the informant's identity or communication is required. The court should examine 1) the informant's degree of involvement in the crime, 2) the helpfulness of the disclosure to any asserted defense, and 3) the Government's interest in nondisclosure. *United States v. Wilson,* 77 F.3d 105, 111-112 (5th Cir. 1996). Application of the test in this case supports nondisclosure. First, the Government points out that the informant merely supplied information supporting probable cause for the search in this case. The defendant has neither rebutted this statement nor even alleged that the informant participated in the offense charged in any way. *See U.S. v. Mendoza*, 433 F.2d 891, 894 (5th Cir. 1970) ("[W]hen 'all the evidence discloses is that the informer was an informer and nothing more,' the Government should not be required to identify the informer."). Second, the defendant has made absolutely no showing that disclosure of the informant's identity would be helpful to any defense. *See Wilson*, 77 F.3d at 111-12. Because the defendant has failed to produce evidence supporting the first two prongs of the test, the court need not examine the third. *See U.S. v. Sanchez*, 988 F.2d 1384, 1392 (5th Cir. 1993). Therefore, the circumstances of this case weigh in favor of nondisclosure, and the instant motion is hereby DENIED.

SO ORDERED this 18th day of January, 2012.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE